UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

FAYE WRIGHT-UPSHAW,

           Plaintiff,

-against-

RONALD L. NELSON, Avis Budget Rental Car Corp. aka Avis Budget Group, Inc.; JOSEPH FINEO, Avis Budget Car Rental, LLC, aka Avis Budget Group, Inc.; CRYSTAL NIXON, JOSEPHINE C. ADAMS, Avis Budget Car Rental, LLC aka Avis Budget Group, Inc.; LISA LARION, Avis Budget Car Rental, LLC aka Avis Budget Group, Inc.; AVIS BUDGET CAR RENTAL, LLC AKA AVIS BUDGET GROUP, INC.; MARGARET WARNER, et al., PROGRESSIVE INSURANCE CO.,

           Defendants.

------------------------------------------------------------------ X

13-CV-3367 (ARR) (LB)

NOT FOR ELECTRONIC OR PRINT PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

Plaintiff Faye Wright-Upshaw, proceeding pro se, brings this diversity action seeking compensation for losses incurred as a result of damage to her non-profit organization's vehicle. Now before the court are motions to dismiss filed by two groups of defendants. For the reasons set forth below, I find that plaintiff's claims for losses incurred by the non-profit organization must be dismissed because plaintiff lacks standing to bring those claims. To the extent that the complaint can also be construed to raise individual claims, I find that plaintiff has failed to state a claim upon which relief can be granted. Furthermore, the facts that plaintiff has alleged foreclose the possibility that the complaint could be amended to state a claim for relief. Accordingly, both motions are granted and the complaint is dismissed in its entirety.

1

## BACKGROUND

Plaintiff, a citizen of New York, invokes the Court's diversity jurisdiction under 28 U.S.C § 1332. Compl., Dkt. #1, at ECF 2-3. Plaintiff brings claims against Avis Budget Car Rental LLC ("Avis"), a company incorporated under the laws of Delaware with headquarters in New Jersey[1]; Avis C.E.O. Ronald L. Nelson, listed at corporate headquarters in New Jersey; Avis employees Joseph Fineo, Josephine Adams, Crystal Nixon, and Lisa Larion, all listed in the complaint as residing and working in Virginia; and Margaret Warner, et al., Progressive Insurance Company ("Progressive").[2]

The following facts are drawn from the complaint and are taken as true for the purpose of these motions. Plaintiff runs A New New Beginning, a non-profit organization that sells items at street fairs, festivals, and other events.[3] Id. at ECF 3. On July 27, 2011, plaintiff and a worker for the organization were en route to New York in the organization's vehicle, a 2002 14-foot GMC Series 4500 Box Work Truck. Id. In the parking lot of the Econo Lodge Hotel in Fredericksburg, Virginia, another car backed into A New New Beginning's parked vehicle. Id. The car was operated by a driver from the Netherlands who had rented the car from Avis. Id. Plaintiff

---

[1] The Court takes judicial notice of Avis's state of incorporation and headquarters based on Securities and Exchange Commission filings. See EDGAR Company Filings, https://www.sec.gov/edgar/searchedgar/companysearch.html. The complaint refers to Avis as "Avis Budget Rental Car Corporation," "Avis Budget Car Rental," or "Avis Budget Group, Inc," but the company's registered name is "Avis Budget Car Rental LLC." Avis Mem. of Law in Supp. of Mot. to Dismiss, Dkt. #37, Ex. 9, at 1 n.1.

[2] It is unclear from the complaint whether plaintiff intends to sue Progressive as a corporate entity in addition to the individual Margaret Warner. A motion to dismiss has been filed on behalf of "Margaret Warner, et al., Progressive Insurance Co." Dkt. #33. The accompanying memorandum of law states that the U.S. Marshals Service mailed the summons and complaint to "Progressive Insurance Co. c/o Margaret Warner" in Wilmington, North Carolina. Progressive Mem. of Law in Supp. of Mot. to Dismiss, Dkt. #33, at ECF 26. The memorandum asserts that service was improper because Margaret Warner is no longer a Progressive employee and the entity "Progressive Insurance Co." does not exist. Id. at ECF 26-27. The underwriting company Progressive Southeastern is located in North Carolina, and Progressive's corporate headquarters are located in Ohio. Id. at ECF 27. Based on these assertions, the Court is satisfied that complete diversity exists between plaintiff and the Progressive defendant(s). In light of the Court's disposition of the motions to dismiss, it is unnecessary to address the allegation of improper service.

[3] The Court takes judicial notice of the fact that A New New Beginning, Inc., is registered with the Internal Revenue Service (IRS) as a 501(c)(3) organization with the Employer Identification Number 11-3217638. The IRS record lists plaintiff as the principal officer and lists the mailing address as 9602 Glenwood Road, Suite 150, Brooklyn, NY 11236. The IRS record is based on the organization's most recent filing in 2010. See IRS Exempt Organizations Select Check, http://apps.irs.gov/app/eos/.

reported the accident to Progressive, the insurer of A New New Beginning's vehicle. Id. A Progressive representative told plaintiff to pursue a claim with Avis and that Progressive would pay if Avis "failed to compensate." Id.

Plaintiff filed a claim with Avis and asserts numerous complaints regarding the way Avis handled the claim. Plaintiff alleges that Avis caused an "inordinate and deliberate delay" in processing the claim and did not appoint an insurance adjustor to assess the damage to the vehicle until September 8, 2011. Id. at ECF 8. Between July 27 and September 8, plaintiff made "repeated requests" for Avis to arrange a rental vehicle as a replacement, but Avis denied the requests because the claim had not yet been approved. Id. at ECF 8. In September 2011, Avis reimbursed plaintiff for the costs of repairs to the vehicle and for a two-day rental truck as a replacement. Id. at ECF 4. Avis denied plaintiff's request for reimbursement for other costs incurred during this period, including the rental of storage space for the goods and equipment that are normally stored in the vehicle. Id. at ECF 5. Avis also denied plaintiff's request for reimbursement for the organization's lost income during the "down time." Id. Plaintiff alleges that Avis engaged in "bad faith business practices" including withholding information, making misleading statements, ignoring plaintiff's requests, and questioning "my right to have our truck repaired at the shop of our choice." Id. at ECF 4. Plaintiff also asserts that Progressive did not intervene to resolve the dispute with Avis, "began to distance themselves from the claim," and told plaintiff that the organization only had "liability coverage." Id. at ECF 3-4.

Plaintiff alleges that, as a result of defendants' actions, A New New Beginning has experienced "a severe decline," resulting in "lost wages and business income" and "embarrassment caused to our Corporation's business character and reputation." Id. at ECF 9. Plaintiff also asserts that she has "suffered physical and emotional pain due to the deliberate

3

delays and the attempted conspiracy to cover up the incident . . . along with the infliction of emotional distress." Id. Plaintiff seeks $225,000 from the defendants "for continued losses, pain and suffering, plus costs." Id.[4]

Two sets of defendants have filed motions to dismiss plaintiff's complaint pursuant to various provisions of Federal Rule of Civil Procedure 12(b). The first motion is filed on behalf of Avis, Joseph Fineo, Josephine Adams, Lisa Larion, and Ronald Nelson (collectively, the "Avis Defendants").[5] Dkt. #37. The second motion is filed on behalf of Margaret Warner, et al., Progressive Insurance Co. (collectively, the "Progressive Defendants"). Dkt. #33. Plaintiff has filed an opposition to the motions to dismiss along with numerous exhibits. Dkt. #34.[6]

## DISCUSSION

### I. Plaintiff's Standing To Bring Claims on Behalf of A New New Beginning

Both sets of defendants argue that plaintiff lacks standing to assert claims for losses incurred by A New New Beginning. Avis Defs.' Mem. of Law in Supp. of Mot. to Dismiss, Dkt. #37, Ex. 9, at 9-11; Progressive Defs.' Mem. of Law in Supp. of Mot. to Dismiss, Dkt. #33, at ECF 3-4.

---

[4] In plaintiff's opposition to defendants' motions to dismiss, plaintiff appears to change the amount she is seeking. She demands $75,000 from Progressive and $100,000 from Avis, for a total of $175,000 plus costs. Dkt. #34, at ECF 8.

[5] The Avis Defendants' motion to dismiss is not submitted on behalf of Crystal Nixon, another Avis employee named in the complaint. Counsel for the Avis Defendants does not represent Nixon. Dkt. #17. It is unclear whether Nixon has been served with process, as there is no return of service indicated on the docket sheet. Nixon has not filed an answer or any other submissions in this case.

[6] The Court will consider the exhibits submitted by plaintiff and defendants in deciding the instant motions. Since the standing inquiry considers whether the Court has jurisdiction over the suit, the Court can "refer to evidence outside the pleadings." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). In order to determine whether the complaint survives a motion to dismiss under Rule 12(b)(6), a district court may consider "the pleading itself, documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, and matters of which judicial notice may be taken." Arrocha v. City Univ. of N.Y., 878 F. Supp. 2d 364, 368 (E.D.N.Y. 2012). The documents submitted as exhibits are all ones that plaintiff relied on in bringing suit and had in her possession.

"Standing is a federal jurisdictional question 'determining the power of the court to entertain the suit.'" Carver v. City of N.Y., 621 F.3d 221, 225 (2d Cir. 2010) (quoting Warth v. Seldin, 422 U.S. 490, 498 (1975)). A plaintiff who invokes federal jurisdiction based on diversity of citizenship must establish standing under both Article III of the Constitution and applicable state law. Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp., 418 F.3d 168, 173 (2d Cir. 2005). Where, as here, standing is challenged at the pleadings stage, the court must accept all material facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Sharkey v. Quarantillo, 541 F.3d 75, 83 (2d Cir. 2008).

To satisfy the requirements of Article III standing, a party must establish three elements: (1) an "injury in fact," (2) "a causal connection between the injury and the conduct complained of," and (3) a likelihood that a favorable decision will redress the injury. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). For the first element, the "injury in fact" must be "concrete and particularized," meaning that "the injury must affect the plaintiff in a personal and individual way." Lujan, 504 U.S. at 560 & n.1. "Demonstrating that the defendant's allegedly unlawful conduct caused injury to the plaintiff herself is thus generally an essential component of Article III standing." Mahon v. Ticor Tile Ins. Co., 683 F.3d 59, 62 (2d Cir. 2012); accord Raines v. Byrd, 521 U.S. 811, 819 (1997) ("We have consistently stressed that a plaintiff's complaint must establish that he has a 'personal stake' in the alleged dispute, and that the alleged injury suffered is particularized as to him."). Even if a plaintiff meets all of these constitutional requirements, a court can still deny standing based on prudential considerations. "Foremost among the prudential requirements is the rule that a party must 'assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.'" Wight v. BankAmerica Corp., 219 F.3d 79, 86 (2d Cir. 2000) (quoting Warth, 422 U.S. at 499). Accordingly, a plaintiff

asserting a claim on behalf of a third party must satisfy all of the constitutional standing requirements and must additionally demonstrate "a close relation to the injured third party and a hindrance to that party's ability to protect its own interests." Mid-Hudson, 418 F.3d at 174.

Here, the majority of plaintiff's claims do not satisfy the first constitutional standing requirement because plaintiff fails to assert an individual and personal "injury in fact." The complaint raises various tort and contract claims against the defendants. Plaintiff appears to argue that Avis is vicariously liable for the negligence of the rental car driver, directly liable for renting to an international driver without requiring certain documentation, and directly liable for the expenses and lost income incurred during the delay in processing the claim. Pl.'s Opp'n to Mots. to Dismiss ("Opp'n"), Dkt. #34, at ECF 5. Plaintiff also asserts a breach of contract claim against Progressive. Id. at ECF 7. Yet there is no dispute that the vehicle at issue belonged to A New New Beginning, not to plaintiff personally, and that the organization was the holder of the vehicle's Progressive insurance policy. See Compl. at ECF 3; Progressive Southeastern Insurance Policy, Dkt. #33, Ex. A. The asserted damages consist primarily of "unexpected expenses" incurred by the organization, "a great loss of income" for the organization, and harm to the organization's reputation. Compl. at ECF 5, 9. Therefore, in essence, this litigation concerns damage to A New New Beginning's vehicle that resulted in additional expenses and lost business for the organization. Plaintiff lacks standing as an individual to raise these claims for injury to the organization. See Caravella v. City of N.Y., 79 F. App'x 452, 453 (2d Cir. 2003) (affirming dismissal of breach of contract claim for lack of standing where corporation, not plaintiff, was party to the contract); Dore v. Wormley, 690 F. Supp. 2d 176, 186 (S.D.N.Y. 2010) (finding that individual plaintiff lacks standing to bring claims of misrepresentation and misuse of funds where alleged injuries are to congregation); Blakely v. Cardozo, No. 07 Civ. 3951 DLC,

2007 WL 2702241, at *3 (S.D.N.Y. Sept. 17, 2007) (finding that plaintiff lacks standing to challenge foreclosure because corporation, not plaintiff, is the property's legal owner).

Plaintiff argues that she has standing because she handled the claims with Avis and Progressive. She states that Avis recognized her as the "[p]arty of record" and issued payments to her for the vehicle repair and rental truck. Opp'n at ECF 2. She also asserts that Progressive evaluated her driving record and creditworthiness as a basis for issuing the insurance policy on the organization's vehicle and that she made the premium payments. Id. at ECF 1-2. But these dealings with Avis and Progressive are insufficient to grant plaintiff individual standing, since a non-profit organization must necessarily act through its officers. Plaintiff's exhibits make clear that plaintiff interacted with defendants as a representative of A New New Beginning, not in her personal capacity. Plaintiff submitted the claim to Avis on behalf of A New New Beginning, describing herself as "an Officer in the Corporation, with signatory authority." Opp'n, Ex. 1, at ECF 21. In her ongoing correspondence with Avis, plaintiff repeatedly characterized the claim as one for reimbursement of the organization's losses and expressed the need for the organization to be "made whole." Id., Ex. 1, at ECF 29, 45, 50. Moreover, plaintiff submitted documentation for expenses incurred by the organization, including storage space rented in the organization's name and petty cash disbursements from the organization's funds. Id., Ex. 2, at ECF 37, 40, 42, 45, 49, 53, 56, 58, 64-65. The fact that plaintiff pursued claims with Avis and Progressive as a representative of A New New Beginning does not change the conclusion that these claims belong to the organization, not to plaintiff individually.

To the extent that plaintiff alleges personal financial losses, she still lacks standing because those claims derive from the losses to the organization. Plaintiff states that the incident has "taken its toll . . . financially on my behalf" and asserts a claim for "lost wages." Compl. at

7

ECF 5, 9. In her opposition, plaintiff elaborates on this claim, stating that she suffered "serious, extensive and overwhelming financial loss," and that she was "precluded from engaging in her regular work activities and pursuits [and] her regular religious activities and social pursuits, because of the loss of ability to earn money and of actual earnings." Opp'n at ECF 6. Since plaintiff runs A New New Beginning, it is entirely plausible that her personal financial outlook would be bound up with the financial success of the organization. Yet plaintiff has not alleged any personal financial losses other than those stemming from the organization's losses. "A plaintiff does not have individual standing where he or she alleges injuries that are indirectly caused by the harm to the corporation." Royal Crown Day Care LLC v. Dep't of Health & Mental Hygiene of City of N.Y., No 10-CV-5442 (MKB), 2012 WL 2992124, at *5 (E.D.N.Y. 2012) (citing Jones v. Niagara Frontier Transp. Auth., 836 F.2d 731, 736 (2d Cir. 1987)); see also Robinson v. Davis, No. 1:07-cv-00265-jgm, 2010 WL 4062863, at *2 (D. Vt. Oct. 15, 2010) (claim by non-profit organization's director for reduced personal earnings "is not cognizable as it is derivative of [the organization's] damage claims and [plaintiff's] status as an employee"); Ludwig v. City of Jamestown, N.Y., No. 05-CV-353(A), 2009 WL 483164, at *4 (W.D.N.Y. Feb. 25, 2009) (owner lacks standing to sue in individual capacity because damages "consist solely of 'financial damage' that she suffered 'co-extensively' with losses that the corporation allegedly suffered").

Therefore, the Court finds that the claims for A New New Beginning's expenses and lost income must be dismissed because plaintiff lacks individual standing. These claims belong to the organization, and the organization is the entity that would have a right to recover if the claims were successful.[7] See Bingham v. Zolt, 66 F.3d 553, 561-62 (2d Cir. 1995) ("When the claim is

---

[7] Plaintiff appears to suggest in her opposition that the court should grant her standing because harm has occurred and the organization's officers "might not be able to ask a Court for relief." Opp'n at ECF 8. Yet there is no reason

that corporate property has been removed from the corporation, it is the corporation—having an independent legal identity—that must seek, on its own or derivatively, to redress its injury."); V.E.C. Corp. of Del. v. Hilliard, No. 10 CV 2542(VB), 2011 WL 7101236, at *5 (S.D.N.Y. Dec. 13, 2011) (finding sole shareholder lacks standing because complaint alleges injuries to the corporation under its lease agreements and the corporation has the right to recover). Nor can plaintiff assert these claims on behalf of the organization. Under 28 U.S.C. § 1654, litigants have a statutory right to bring claims in federal court on their own behalf, but a pro se litigant cannot represent the rights and interests of a corporation. See Lattanzio v. COMTA, 481 F.3d 137, 139 (2d Cir. 2007) ("[A] layperson may not represent a separate legal entity such as a corporation."); Brojer v. Kuriakose, No. 11-CV-3156 (JS)(WDW), 2011 WL 3043778, at *3 (E.D.N.Y. July 20, 2011) (stating that § 1654 "has been consistently construed to permit parties to only represent their own rights and interests and not the rights and interest of others or of organizations.").

The Court is mindful that plaintiff is proceeding pro se and must consider whether she should be given an opportunity to replead her claims. "A court generally should not dismiss a pro se complaint 'without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" Vansertima v. Dep't of Corr., No. 10 CV 3214(RJD)(RER), 2012 WL 4503412, at *7 (E.D.N.Y. Sept. 28, 2012) (quoting Thompson v. Carter, 284 F.3d 411, 416 (2d Cir. 2002)). However, leave to amend need not be given where it is clear that amendment would be futile. E.g., Hill v. Curcione, 657 F.3d 116, 123 (2d Cir. 2011); Xiang Li v. Morrisville State Coll., 434 F. App'x 34, 35 (2d Cir. 2011).

---

to think that A New New Beginning would be unable to pursue its own claims in court. Under New York law, a not-for-profit corporation has the right "[t]o sue and be sued in all courts . . . as natural persons." N.Y. Not-for-Profit Corp. Law § 202(a)(2). Plaintiff also asserts that the Honorable Lois Bloom, United States Magistrate Judge, has already determined that plaintiff is bringing this suit individually, not on behalf of A New New Beginning. Id. This is incorrect. Magistrate Judge Bloom issued an order cautioning plaintiff that she cannot raise claims on behalf of A New New Beginning unless she retains counsel. Dkt. #16. Magistrate Judge Bloom made no decision regarding whether plaintiff has standing as an individual.

Amendment would be futile if, even when better pleaded, the claim would not survive a motion to dismiss. Lucente v. IBM Corp., 310 F.3d 243, 258 (2d Cir. 2002); see also Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). Here, it is clear that amendment would be futile, since plaintiff lacks individual standing to pursue the claims for the organization's expenses and lost income and cannot represent the organization as a pro se litigant. Accordingly, the claims are dismissed with prejudice.[8]

## II. Plaintiff's Individual Claims

While plaintiff lacks standing to bring claims on behalf of A New New Beginning, the complaint can also be construed to assert individual claims. Defendants have moved to dismiss the complaint under Rule 12(b)(6). Therefore, the Court will consider whether plaintiff's assertions of individual harm state a claim for relief.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Id. at 555-56; Freedom Holdings, Inc. v. Spitzer, 363 F.3d 149, 151 (2d Cir. 2004). Courts are "not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). It is well settled that pro se complaints are held to less stringent standards than pleadings drafted by attorneys, and the court is required to construe a plaintiff's pro se complaint

---

[8] In the opposition to the motions to dismiss, plaintiff seeks leave to amend the complaint to add an additional defendant, Gregory Batts, an employee of Progressive Southeastern. Opp'n at ECF 4. For the reasons stated in this opinion, plaintiff's complaint is dismissed in its entirety for lack of standing and failure to state a claim. These grounds for dismissal could not be cured by adding an additional Progressive employee as a defendant. Therefore, the request is denied.

10

liberally and to interpret it as raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191 (2d Cir. 2008). "Nonetheless, a pro se complaint must state a plausible claim for relief." Walker v. Schult, 717 F.3d 119, 124 (2d Cir. 2013).

Plaintiff's complaint asserts an individual claim for emotional injuries. Plaintiff alleges that she "suffered physical and emotional pain . . . along with the infliction of emotional distress." Compl. at ECF 9. In her opposition, plaintiff adds that she suffered "mental anguish, substantial emotional distress, and a loss of the capacity for the enjoyment of her quality of life." Opp'n at ECF 6. She also states that "she was embarrassed" because she "lost business relationships." Id. Here, plaintiff is not claiming financial losses that are derivative of the harm to A New New Beginning but instead asserts a claim for personal emotional damages. A "direct and independent" claim for personal emotional damages can satisfy the constitutional standing requirement, even if the alleged emotional injury "arose from the same conduct as the corporate injuries." Robinson, 2010 WL 4062863, at *2 (finding plaintiff stated cognizable § 1983 emotional distress claim based on allegations that defendants retaliated against him and his corporation for the exercise of First Amendment rights); see also Spinelli v. City of N.Y., No. 02 Civ. 8967(RWS), 2010 WL 4484525, at *2 (S.D.N.Y. Nov. 8, 2010) (finding plaintiff has standing to bring § 1983 claim for emotional damages caused by defendants' alleged failure to provide due process regarding suspension of corporation's firearms license).

Even if plaintiff has standing to bring an individual emotional damages claim, however, the allegations here are insufficient to state a viable claim for relief. Under New York law, to state a tort claim for negligent infliction of emotional distress, plaintiff must allege that she "suffer[ed] emotional distress caused by 'defendant's breach of a duty which unreasonably

endangered [plaintiff's] own physical safety." Baker v. Dorfman, 239 F.3d 415, 422 (2d Cir. 2000) (quoting Mortise v. United States, 102 F.3d 693, 696 (2d Cir. 1996)) (second alteration in original).[9] "The circumstances under which recovery may be had for purely emotional harm are extremely limited." Peter T. v. Children's Vill., Inc., 819 N.Y.S.2d 44, 47 (App. Div. 2006) (quoting Lancellotti v. Howard, 547 N.Y.S.2d 654 (App. Div. 1989)). Here, plaintiff has not alleged that defendants engaged in any conduct that could endanger plaintiff's physical safety. According to plaintiff's own version of events, a car hit her organization's parked vehicle at a time when she was not inside of it, and the vehicle was never unsafe to drive. See Opp'n, Ex. 1, at ECF 24 (police report stating that car is drivable); id. at ECF 44 (plaintiff's correspondence with Avis stating that "[a]t NO time did I ever tell [Avis representative] that our vehicle was unsafely drivable"). There is no plausible way that defendants' alleged delays in processing the claims or denials of reimbursement for certain costs could have placed plaintiff in physical danger or caused plaintiff to fear for her safety.

Nor could plaintiff assert a claim for intentional infliction of emotional distress. Under New York law, plaintiff must establish four elements: "(1) extreme and outrageous conduct; (2) intent to cause, or reckless disregard of a substantial probability of causing, severe emotional distress; (3) a causal connection between the conduct and the injury; and (4) severe emotional distress." Stuto v. Fleishman, 164 F.3d 820, 827 (2d Cir. 1999) (citing Howell v. N.Y. Post Co., 612 N.E.2d 699 (N.Y. 1993)). "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." Id.

---

[9] New York law also allows recovery for negligent infliction of emotional distress based on the "bystander" theory, which is applicable when a plaintiff suffers "injuries . . . in consequence of shock or fright resulting from his or her contemporaneous observation of serious physical injury or death inflicted by the defendant's conduct on a member of the plaintiff's immediate family in his or her presence." Baker, 239 F.3d at 422 (quoting Bovsun v. Sanperi, 461 N.E.2d 843 (N.Y. 1984)). This theory of recovery is obviously not applicable to this case.

12

(quoting Howell, 612 N.E.2d 699). Plaintiff's claims of emotional injury are plainly insufficient to meet this high standard. Plaintiff accuses defendants of being unresponsive, condescending, and disdainful toward her. While plaintiff undoubtedly experienced considerable frustration in her dealings with defendants, it is certainly not regarded as "beyond all possible bounds of decency" for businesses to treat customers in this manner. Taking all of plaintiff's allegations as true, defendants' actions could never constitute the "outrageous" and "extreme" conduct required to sustain a cognizable claim for intentional infliction of emotional distress.

Plaintiff's complaint can also be construed as raising a claim of racial discrimination. Plaintiff asserts that she is a member of a protected class because she is African American, a senior citizen, a woman, and at the helm of a faith-based organization. Compl. at ECF 8-9. She states that defendants "have perceived notions of our membership in a certain group or category" and "deliberately and intentionally treated the Plaintiff(s) differently from others of similarly situated incidents." Id. at ECF 8. She also alleges that she is the victim of a "suspected longstanding policy of racial discrimination and intimidation in their dealings with individuals of African American Ethnicity." Id. at ECF 9. Plaintiff asserts that "[o]ther than saving the company money," she can "see no other reason" for defendants' actions besides "reasons of prejudice and ethnic intimidation." Id. at ECF 7. Based on plaintiff's version of events, however, there is no plausible basis to infer that defendants treated her differently because of her race. Instead, on its face, the complaint concedes that there is a non-discriminatory explanation for defendants' alleged conduct: a desire to save money. Under the facts that plaintiff has alleged, plaintiff sought reimbursement for certain costs, and defendants delayed in processing the claim and then refused to reimburse for all of the costs. These allegations establish a business dispute

13

over money, but they cannot support a claim of racial discrimination.[10]

Therefore, even though the complaint can be construed to raise individual claims of emotional harm and racial discrimination, neither of these claims can survive the motions to dismiss. The Court finds that granting leave to replead would be futile, since the facts that plaintiff has alleged foreclose the possibility that she could state a claim for relief on either of these grounds.

## CONCLUSION

For the foregoing reasons, defendants' motions to dismiss are granted. Plaintiff lacks standing to pursue claims for A New New Beginning's expenses and lost income. To the extent that plaintiff's complaint can be construed to raise individual claims of emotional distress or racial discrimination, plaintiff's own version of events establishes that she is not entitled to relief on those grounds. The Court therefore finds it unnecessary to address defendants' remaining grounds for dismissal, including lack of personal jurisdiction, improper service, failure to allege a basis for individual liability against various defendants, or failure to allege a contractual, tort, or statutory duty owed to plaintiff. The complaint is dismissed in its entirety with prejudice, and the Clerk of Court is directed to close the case.

SO ORDERED.

/S/ Judge Allyne R. Ross
Allyne R. Ross
United States District Judge

Dated: February 19, 2014
Brooklyn, New York

---

[10] Plaintiff's complaint refers to a prior case that appears to be Pugh v. Avis Rent a Car System, Inc., No. 7:96-CV-00091-F (E.D.N.C. filed May 22, 1996). This case concerned a class action lawsuit alleging that Avis franchises in North Carolina and South Carolina engaged in racially discriminatory practices toward African-American customers. There is no basis to connect plaintiff's case to litigation that occurred over a decade ago and involved specific Avis franchises that are not part of this case.

14

**SERVICE LIST:**

<u>Plaintiff</u>
Faye Wright-Upshaw
1272 Blake Avenue
Brooklyn, NY 11208